IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-61463

APOLONIO ALVARADO,
EDWIN ZAMBRANO,
JESUS RAMIREZ,
and all others similarly situated under
29 U.S.C. §216(b),

      Plaintiffs,

vs.

YES NAKED TACO PROM, LLC,
*d/b/a Naked Taco*,
YES HOSPITALITY, LLC,
YES DREAM, LLC,
RALPH PAGANO, individually, and
JAY N. SHIRODKAR, individually,

      Defendants.

_____/

## **COMPLAINT**

*Collective Action Pursuant to 29 U.S.C. §216(b)*

Plaintiffs APOLONIO ALVARADO, EDWIN ZAMBRANO, JESUS RAMIREZ

and all others similarly situated, by and through undersigned counsel, hereby

file this Complaint against YES NAKED TACO PROM, LLC ("Yes Naked Taco"),

YES DREAM, LLC ("Yes Dream"), YES HOSPITALITY, LLC, ("Yes Hospitality"),

RALPH PAGANO ("Pagano"), individually, and JAY N. SHIRODKAR ("Shirodkar")

individually (collectively hereinafter referred to as "Defendants"), and allege as

follows:

---

1 | P a g e

## Introduction

1.      This is an action by Plaintiffs, and those similarly situated, against Defendants for damages in connection to claims for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2.      Plaintiffs Alvarado and Ramirez also assert claims of retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3).

3.      Plaintiffs, and those similarly situate, seek money damages, reasonable attorneys' fees and costs, and all other remedies, including injunctive relief, allowable by law.

## Parties, Jurisdiction and Venue

4.      Plaintiffs are former employees of Defendants and, at all material times, worked for Defendants in Miami-Dade County, Broward County, and Palm Beach County, Florida.

5.      Defendants conducted business in South Florida at all relevant times.

6.      Defendants were Plaintiffs' direct employers, joint employers, and/or co-employers based on shared operations, financials, and use/control of employees like Plaintiffs and those similarly situated.

7.      Venue is proper in this Court because Defendants transact business and regularly perform services for consumers in this District, Defendants employed Plaintiffs and those similarly situated in this District, and the claims arose within the District.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

A. **Plaintiffs' Employment With Defendants**.

    a. *Apolonio Alvarado*

8.    Alvarado began working for Defendants during 2017.

9.    Alvarado's employment with Defendants ended on or about June 27, 2022.

10.    During his employment with Defendants, Alvarado regularly worked well over 40 hours a week for Defendants during the relevant period.

11.    Defendants, however, did not properly compensate Alvarado for his overtime wages.

12.    Alvarado was generally paid an hourly wage of $15 an hour during most of the relevant period.

13.    Defendants only reported part of Alvarado's wages.  Defendants would pay some of Alvarado's wages in unreported cash.

    b. *Edwin Zambrano*

14.    Zambrano began working for Defendants during 2021.

15.    Zambrano worked for Defendants for approximately five (5) months.

16.    During his employment, Zambrano was generally paid approximately $11.00 per hour.

17.    Defendants only reported part of Zambrano's wages.  Defendants would pay some of Zambrano's wages in unreported cash.

18.    Zambrano regularly worked well over 40 hours a week for Defendants during the relevant period.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

19.     Defendants, however, did not properly compensate Zambrano for his overtime wages.

      c. *Jesus Ramirez*

20.     Ramirez began working for Defendants during 2020.

21.     Ramirez worked for Defendants until approximately November of 2021.

22.     During his employment, Ramirez was generally paid approximately $12.00 per hour.

23.     Ramirez regularly worked well over 40 hours a week for Defendants during the relevant period.

24.     Defendants, however, did not properly compensate Ramirez for his overtime wages.

**B. <u>Defendants' Business and Interstate Commerce.</u>**

25.     The joint, primary purpose of the corporate Defendants Yes Naked Taco, Yes Dream, and Yes Hospitality (the "Corporate Defendants") is to operate a chain of restaurants called "Naked Taco".

26.     Naked Taco has locations in Miami Beach, Coconut Creek, and Boca Raton.

27.     The Corporate Defendants share common ownership.

28.     The Corporate Defendants share employees.

29.     The Corporate Defendants share menus.

30.     The Corporate Defendants share a website.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

31.     Under information and belief, the gross revenue for all Corporate Defendants exceeded $500,000 annually during the relevant period.

32.      During the relevant period, the Corporate Defendants customarily and regularly bought and sold goods that crossed state lines.

33.     The Corporate Defendants each employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

34.     Upon information and belief, the Corporate Defendants all obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

35.     Upon information and belief, the Corporate Defendants all accept checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida and did so during the relevant period.

36.     All Defendants are employers engaged in interstate commerce and subject to the FLSA.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

37.     All Defendants were Plaintiffs' employers, joint employers, or co-employers for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

**C.  <u>Defendants' Illegal Payment Practices Affected All Other Similarly Situated Employees.</u>**

38.     During the relevant period, Defendants employed numerous other restaurant employees who worked overtime hours and were non-exempt under the FLSA.

39.     There exists a class of non-exempt restaurant employees of Defendants that would benefit from becoming members of a class to recover due and owing wages.

**D.  <u>Factual Allegations Regarding Retaliation.</u>**

40.     The FLSA explicitly prohibits employers from taking retaliatory actions against employees who complain about wages required under the FLSA.

41.     Alvarado complained about Defendants' failure to pay wages required by the FLSA.

42.      In response, Defendant Shirodkar (who would brag to Alvarado about paying people to kill his enemies) held a gun to Alvarado's stomach.

43.     Alvarado was thereafter discharged by Defendants.

44.     Ramirez also complained about unpaid wages under the FLSA.

45.     In response, Pagano not only threatened to contact immigration authorities to investigate Ramirez, but also threatened physical violence—claiming the injuries would require Ramirez to be hospitalized.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

46.     Ramirez was separated from Defendants thereafter.

**COUNT I**
**OVERTIME VIOLATION BY YES NAKED TACO PROM, LLC**
**UNDER THE FAIR LABOR STANDARDS ACT AS TO ALL PLAINTIFFS**

47.     Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 39 above as if fully set forth herein.

48.     As part of its business, Yes Naked Taco purchased goods and materials that traveled through interstate commerce.

49.     These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiffs.

50.     Upon information and belief, Yes Naked Taco obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

51.     Yes Naked Taco, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

52.     During their employment with Yes Naked Taco, Plaintiffs, and those similarly situated, worked overtime hours for which they were not compensated at a rate of no less than one-and-one-half their regular rates of pay as required by the FLSA.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

53.     Plaintiffs, and those similarly situated, are owed unpaid overtime compensation pursuant to the FLSA.

54.     In addition, Yes Naked Taco is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiffs, and those similarly situated, respectfully request that the Court:

a.   Enter judgment for Plaintiffs against Yes Naked Taco under the FLSA;

b.   Enter an Order certifying a Class of putative, similarly situated members pursuant to the FLSA;

c.   Award Plaintiffs actual damages for the unpaid overtime wages;

d.   Award Plaintiffs liquidated damages;

e.   Award Plaintiffs their attorneys' fees and costs;

f.   Award Plaintiffs all recoverable interest; and

g.   Award any other relief this Honorable Court deems just and proper.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**COUNT II**
**OVERTIME VIOLATION BY YES HOSPITALITY, LLC**
**UNDER THE FAIR LABOR STANDARDS ACT AS TO ALL PLAINTIFFS**

55.     Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 39 above as if fully set forth herein.

56.     As part of its business, Yes Hospitality purchased goods and materials that traveled through interstate commerce.

57.     These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiffs.

58.     Upon information and belief, Yes Hospitality obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

59.     Yes Hospitality, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

60.     During their employment with Yes Hospitality, Plaintiffs and other similarly situated employees worked overtime hours for which they were not compensated at a rate of no less than one-and-one-half their regular rates of pay as required by the FLSA.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

61.     Plaintiffs and other similarly situated employees are owed unpaid overtime compensation pursuant to the FLSA.

62.     In addition, Yes Hospitality is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiffs respectfully request that the Court:

a. Enter judgment for Plaintiffs against Yes Hospitality under the FLSA;

b. Enter an Order certifying a Class of putative, similarly situated members pursuant to the FLSA;

c. Award Plaintiffs actual damages for the unpaid overtime wages;

d. Award Plaintiffs liquidated damages;

e. Award Plaintiffs their attorneys' fees and costs;

f. Award Plaintiffs all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

**COUNT III**
**OVERTIME VIOLATION BY YES DREAM, LLC**
**UNDER THE FAIR LABOR STANDARDS ACT AS TO ALL PLAINTIFFS**

63.     Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 39  above as if fully set forth herein.

64.     As part of its business, Yes Dream purchased goods and materials that traveled through interstate commerce.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

65.     These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiffs.

66.     Upon information and belief, Yes Dream obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

67.     Yes Dream, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

68.     During their employment with Yes Dream, Plaintiffs and other similarly situated employees worked overtime hours for which they were not compensated at a rate of no less than one-and-one-half their regular rates of pay as required by the FLSA.

69.     Plaintiffs and other similarly situated employees are owed unpaid overtime compensation pursuant to the FLSA.

70.     In addition, Yes Dream is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

PERERA ALEMÁN
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**WHEREFORE,** Plaintiffs respectfully request that the Court:

a. Enter judgment for Plaintiffs against Yes Dream under the FLSA;

b. Enter an Order certifying a Class of putative, similarly situated members pursuant to the FLSA;

c. Award Plaintiffs actual damages for the unpaid overtime wages;

d. Award Plaintiffs liquidated damages;

e. Award Plaintiffs their attorneys' fees and costs;

f. Award Plaintiffs all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

**COUNT IV**
**OVERTIME VIOLATIONS AGAINST RALPH PAGANO UNDER**
**THE FAIR LABOR STANDARDS ACT AS TO ALL PLAINTIFFS**

71.    Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 39 above as if fully set forth herein.

72.    Pagano operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiffs, had control/access to Plaintiffs' records for work hours, and was partially or totally responsible for paying Plaintiffs' wages.

73.    Pagano scrutinized Plaintiffs' work and controlled how Plaintiffs did their jobs.

74.    During Plaintiffs' employment with Defendants, Plaintiffs worked for Defendants over forty (40) hours per week.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

75.     During their employment with Defendants, Plaintiffs and other similarly situated employees worked overtime hours for which they were not compensated at a rate of no less than one-and-one-half their regular rates of pay as required by the FLSA.

76.     Pagano did not compensate Plaintiffs and other similarly situated employees for their overtime despite knowledge of the overtime hours Plaintiffs worked.

77.     Pagano is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of the intentional and willful violations of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiffs respectfully request that the Court:

a.   Enter judgment for Plaintiffs against Pagano under the FLSA;

b.   Enter an Order certifying a Class of putative, similarly situated members pursuant to the FLSA;

c.   Award Plaintiffs actual damages for the unpaid wages;

d.   Award Plaintiffs liquidated damages;

e.   Award Plaintiffs their attorneys' fees and costs;

f.   Award Plaintiffs all recoverable interest; and

g.   Award any other relief this Honorable Court deems just and proper.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**COUNT V**
**OVERTIME VIOLATIONS AGAINST JAY N. SHIRODKAR UNDER**
**THE FAIR LABOR STANDARDS ACT AS TO ALL PLAINTIFFS**

78.    Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 39 above as if fully set forth herein.

79.    Shirodkar operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiffs, had control/access to Plaintiffs' records for work hours, and was partially or totally responsible for paying Plaintiffs' wages.

80.    Shirodkar scrutinized Plaintiffs' work and controlled how Plaintiffs did their jobs.

81.    During Plaintiffs' employment with Defendants, Plaintiffs worked for Defendants over 40 hours per week.

82.    During their employment with Defendants, Plaintiffs and other similarly situated employees worked overtime hours for which they were not compensated at a rate of no less than one-and-one-half their regular rates of pay as required by the FLSA..

83.    Plaintiffs and other similarly situated employees are owed unpaid overtime compensation pursuant to the FLSA.

84.    Shirodkar did not compensate Plaintiffs and other similarly situated employees for their overtime despite their knowledge of the overtime hours Plaintiffs worked.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

85.     Shirodkar is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of the intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiffs respectfully request that the Court:

   a.  Enter judgment for Plaintiffs against Shirodkar under the FLSA;

   b.  Enter an Order certifying a Class of putative, similarly situated members pursuant to the FLSA;

   c.  Award Plaintiffs actual damages for the unpaid wages;

   d.  Award Plaintiffs liquidated damages;

   e.  Award Plaintiffs their attorneys' fees and costs;

   f.  Award Plaintiffs all recoverable interest; and

   g.  Award any other relief this Honorable Court deems just and proper.

**COUNT VI**
**RETALIATION BY DEFENDANT YES NAKED TACO PROM, LLC UNDER THE FAIR LABOR STANDARDS ACT AS TO ALVARADO AND RAMIREZ**

86.     Plaintiffs Alvarado and Ramirez allege and incorporate by reference the allegations in paragraphs 1 through 46 as if fully set forth herein.

87.     Plaintiffs Alvarado and Ramirez engaged in protected activity under the FLSA when they complained about unpaid overtime wages to Defendants Pagano and Shirodkar.

88.     Defendant Yes Naked Taco retaliated against Plaintiffs Alvarado and Ramirez because of their protected activity through threats of physical violence

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

and terminating and/or constructively discharging Plaintiffs Alvarado and Ramirez after their respective complaints about unpaid overtime wages.

89.     Defendant Yes Naked Taco's retaliatory conduct is intended to chill Plaintiffs Alvarado and Ramirez's willingness to continue to enforce their rights under the FLSA. Indeed, Defendant Yes Naked Taco's conduct is one where workers, like Plaintiffs Alvarado and Ramirez, are forced into one of three unenviable situations: 1) suffer to provide services without proper wages; 2) become victims of physical threats and hostility; or 3) become unemployed.

90.     Reasonable workers would naturally be dissuaded from continuing to support an FLSA complaint or claim when faced with the retaliatory conduct Defendant Yes Naked Taco has engaged in.

91.     Plaintiffs Alvarado and Ramirez have suffered mental and emotional distress, in addition to monetary loss, because of Defendant Yes Naked Taco's retaliatory conduct.

**WHEREFORE,** Plaintiffs Alvarado and Ramirez respectfully request that the Court:

a.     Enter judgment for Plaintiffs Alvarado and Ramirez against Defendant Yes Naked Taco under the FLSA;

b.     Award Plaintiffs Alvarado and Ramirez actual damages for the lost wages and for lost future/front wages;

c.     Award Plaintiffs Alvarado and Ramirez liquidated damages;

d.     Award Plaintiffs Alvarado and Ramirez compensatory damages for

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

mental and emotional distress;

    e.    Award Plaintiffs Alvarado and Ramirez their attorneys' fees and costs;

    f.    Award Plaintiffs Alvarado and Ramirez all recoverable interest; and

    g.    Award any other relief this Honorable Court deems just and proper.

**COUNT VII**
**RETALIATION BY DEFENDANT YES HOSPITALITY, LLC**
**UNDER THE FAIR LABOR STANDARDS ACT AS TO ALVARADO AND**
**RAMIREZ**

92.    Plaintiffs Alvarado and Ramirez allege and incorporate by reference the allegations in paragraphs 1 through 46 as if fully set forth herein.

93.    Plaintiffs Alvarado and Ramirez engaged in protected activity under the FLSA when they complained about unpaid overtime wages.

94.    Defendant Yes Hospitality retaliated against Plaintiffs Alvarado and Ramirez because of their protected activity through threats of physical violence and terminating and/or constructively discharging Plaintiffs Alvarado and Ramirez after their respective complaints about unpaid overtime wages.

95.    Defendant Yes Hospitality's retaliatory conduct is one where workers, like Plaintiffs Alvarado and Ramirez, are forced into one of three unenviable situations: 1) suffer to provide services without proper wages; 2) become victims of physical threats and hostility; or 3) become unemployed.

96.    Reasonable workers would naturally be dissuaded from continuing to support an FLSA complaint or claim when faced with the retaliatory conduct Defendant Yes Hospitality has engaged in.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

97.     Plaintiffs Alvarado and Ramirez have suffered mental and emotional distress, in addition to monetary loss, because of Defendant Yes Hospitality's retaliatory conduct.

**WHEREFORE,** Plaintiffs Alvarado and Ramirez respectfully request that the Court:

a.     Enter judgment for Plaintiffs Alvarado and Ramirez against Defendant Yes Hospitality under the FLSA;

b.     Award Plaintiffs Alvarado and Ramirez actual damages for the lost wages and for lost future/front wages;

c.     Award Plaintiffs Alvarado and Ramirez liquidated damages;

d.     Award Plaintiffs Alvarado and Ramirez compensatory damages for mental and emotional distress;

e.     Award Plaintiffs Alvarado and Ramirez their attorneys' fees and costs;

f.     Award Plaintiffs Alvarado and Ramirez all recoverable interest; and

g.     Award any other relief this Honorable Court deems just and proper.

### COUNT VIII
### <u>RETALIATION BY DEFENDANT YES DREAM, LLC</u>
### <u>UNDER THE FAIR LABOR STANDARDS ACT AS TO ALVARADO AND RAMIREZ</u>

98.     Plaintiffs Alvarado and Ramirez allege and incorporate by reference the allegations in paragraphs 1 through 46 as if fully set forth herein.

99.     Plaintiffs Alvarado and Ramirez engaged in protected activity under the FLSA when they complained about unpaid overtime wages.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

100.   Defendant Yes Dream retaliated against Plaintiffs Alvarado and Ramirez because of their protected activity through threats of physical violence and terminating and/or constructively discharging Plaintiffs Alvarado and Ramirez after their respective complaints about unpaid overtime wages.

101.   Defendant Yes Dream's retaliatory conduct is one where workers, like Plaintiffs Alvarado and Ramirez, are forced into one of three unenviable situations: 1) suffer to provide services without proper wages; 2) become victims of physical threats and hostility; or 3) become unemployed.

102.   Reasonable workers would naturally be dissuaded from continuing to support an FLSA complaint or claim when faced with the retaliatory conduct Defendant Yes Dream has engaged in.

103.   Plaintiffs Alvarado and Ramirez have suffered mental and emotional distress, in addition to monetary loss, because of Defendant Yes Dream's retaliatory conduct.

**WHEREFORE,** Plaintiffs Alvarado and Ramirez respectfully request that the Court:

a.   Enter judgment for Plaintiffs Alvarado and Ramirez against Defendant Yes Dream under the FLSA;

b.   Award Plaintiffs Alvarado and Ramirez actual damages for the lost wages and for lost future/front wages;

c.   Award Plaintiffs Alvarado and Ramirez liquidated damages;

d.   Award Plaintiffs Alvarado and Ramirez compensatory damages for

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

mental and emotional distress;

     e.     Award Plaintiffs Alvarado and Ramirez their attorneys' fees and costs;

     f.     Award Plaintiffs Alvarado and Ramirez all recoverable interest; and

     g.     Award any other relief this Honorable Court deems just and proper.

**COUNT IX**
**RETALIATION BY DEFENDANT RALPH PAGANO**
**UNDER THE FAIR LABOR STANDARDS ACT AS TO ALVARADO AND RAMIREZ**

104.   Plaintiffs Alvarado and Ramirez allege and incorporate by reference the allegations in paragraphs 1 through 46 as if fully set forth herein.

105.   Plaintiffs Alvarado and Ramirez engaged in protected activity under the FLSA when they complained about unpaid overtime wages.

106.   Defendant Pagano retaliated against Plaintiffs Alvarado and Ramirez because of their protected activity through threats of physical violence and terminating and/or constructively discharging Plaintiffs Alvarado and Ramirez after their respective complaints about unpaid overtime wages.

107.   Defendant Pagano's retaliatory conduct is intended to chill Plaintiffs Alvarado and Ramirez's willingness to continue to enforce their rights under the FLSA. Indeed, Defendant Pagano's conduct is one where workers, like Plaintiffs Alvarado and Ramirez, are forced into one of three unenviable situations: 1) suffer to provide services without proper wages; 2) become victims of physical threats and hostility; or 3) become unemployed.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

108.   Reasonable workers would naturally be dissuaded from continuing to support an FLSA complaint or claim when faced with the retaliatory conduct Defendant Pagano has engaged in.

109.   Plaintiffs Alvarado and Ramirez have suffered mental and emotional distress, in addition to monetary loss, because of Defendant Pagano's retaliatory conduct.

**WHEREFORE,** Plaintiffs Alvarado and Ramirez respectfully request that the Court:

a.   Enter judgment for Plaintiffs Alvarado and Ramirez against Defendant Pagano under the FLSA;

b.   Award Plaintiffs Alvarado and Ramirez actual damages for the lost wages and for lost future/front wages;

c.   Award Plaintiffs Alvarado and Ramirez liquidated damages;

d.   Award Plaintiffs Alvarado and Ramirez compensatory damages for mental and emotional distress;

e.   Award Plaintiffs Alvarado and Ramirez their attorneys' fees and costs;

f.   Award Plaintiffs Alvarado and Ramirez all recoverable interest; and

g.   Award any other relief this Honorable Court deems just and proper.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## COUNT X
## RETALIATION BY DEFENDANT JAY N. SHIRODKAR
## UNDER THE FAIR LABOR STANDARDS ACT AS TO ALVARADO AND
## RAMIREZ

110.   Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 46 as if fully set forth herein.

111.   Plaintiffs Alvarado and Ramirez engaged in protected activity under the FLSA when they complained about unpaid overtime wages.

112.   Defendant Shirodkar retaliated against Plaintiffs Alvarado and Ramirez because of their protected activity through threats of physical violence and terminating and/or constructively discharging Plaintiffs Alvarado and Ramirez after their respective complaints about unpaid overtime wages.

113.   Defendant Shirodkar's retaliatory conduct is intended to chill Plaintiffs Alvarado and Ramirez's willingness to continue to enforce their rights under the FLSA. Indeed, Defendant Shirodkar's conduct is one where workers, like Plaintiffs Alvarado and Ramirez, are forced into one of three unenviable situations: 1) suffer to provide services without proper wages; 2) become victims of physical threats and hostility; or 3) become unemployed.

114.   Reasonable workers would naturally be dissuaded from continuing to support an FLSA complaint or claim when faced with the retaliatory conduct Defendant Shirodkar has engaged in.

115.   Plaintiffs Alvarado and Ramirez have suffered mental and emotional distress, in addition to monetary loss, because of Defendant Shirodkar's retaliatory conduct.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**WHEREFORE,** Plaintiffs Alvarado and Ramirez respectfully request that the Court:

a.      Enter judgment for Plaintiffs Alvarado and Ramirez against Defendant Shirodkar under the FLSA;

b.      Award Plaintiffs Alvarado and Ramirez actual damages for the lost wages and for lost future/front wages;

c.      Award Plaintiffs Alvarado and Ramirez liquidated damages;

d.      Award Plaintiffs Alvarado and Ramirez compensatory damages for mental and emotional distress;

e.      Award Plaintiffs Alvarado and Ramirez their attorneys' fees and costs;

f.      Award Plaintiffs Alvarado and Ramirez all recoverable interest; and

g.      Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiffs hereby request a trial by jury with respect to all claims so triable.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Dated: August 5, 2022

Respectfully submitted,

***/s/ Brody Shulman***
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com
**PERERA ALEMÁN**
2030 S. Douglas Road, Suite 203
Coral Gables, Florida 33134
Phone: 786.485.5232
*Attorneys for Plaintiff*

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232