IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA CASE
NO.: 0:22-cv-61463-JEM

APOLONIO ALVARADO,
EDWIN ZAMBRANO,
JESUS RAMIREZ,
and all others similarly situated under
29 U.S.C. §216(b),

      Plaintiffs,

vs.

YES NAKED TACO PROM, LLC,
*d/b/a Naked Taco*,
YES HOSPITALITY, LLC,
YES DREAM, LLC,
RALPH PAGANO, individually, and
JAY N. SHIRODKAR, individually,

      Defendants.

_____/

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION & FACILITATION OF COURT-AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. § 216 AND SUPPORTING MEMORADUM OF LAW**

      Plaintiffs APOLONIO ALVARADO ("Alvarado"), EDWIN ZAMBRANO ("Zambrano"), and JESUS RAMIREZ ("Ramirez")(collectively "Plaintiffs"), on behalf of themselves and other similarly situated employees of Defendants YES NAKED TACO PROM, LLC ("Yes Naked Taco"), YES DREAM, LLC ("Yes Dream"), YES HOSPITALITY, LLC, ("Yes Hospitality"), RALPH PAGANO ("Pagano"), individually, and JAY N. SHIRODKAR ("Shirodkar") individually (collectively hereinafter referred to as "Defendants"), hereby respectfully request conditional certification of this Fair Labor Standards Act ("FLSA") collective action as further delineated herein.

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## II. PROCEDURAL HISTORY

1.     Plaintiffs filed the Complaint in this matter on August 6, 2022, seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). [DE 1].  The Complaint was filed on behalf of the Plaintiffs and all other similarly situated employees of Defendants.

2.     Defendants filed their Answer and Affirmative Defenses on September 21, 2022. [DE 16].

3.     Defendants filed their Amended Answer and Affirmative Defenses on October 12, 2022. [DE 24].

## III. STATEMENT OF FACTS

**A. <u>Defendants' Unified Operations</u>**.

4.     Defendants jointly operate and collectively market a chain of restaurants under the trade name "Naked Taco."

5.     Defendants operate Naked Taco restaurants in Miami Beach, Coconut Creek, and Boca Raton.

6.     The Corporate Defendants operate a joint enterprise where they perform related activities involving the operation of a chain of Naked Taco restaurants. *See Gonzalez v. Old Lisbon Restaurant & Bar, LLC*, 820 F. Supp. 2d 1365, 1369 (S.D. Fla. 2011) ("It is not difficult to allege that two employers performed related activities. Activities are related when they are the same or similar or when they are auxiliary and service activities.").

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

7.      All Corporate Defendants use the same mailing address: 6600 W Rogers Circle, Suite 8, Boca Raton, FL 33487 (the "Boca Address"). *See* **Composite Exhibit A**.

8.      All Corporate Defendants use the same registered agent: Kasbar & Deluca, 3880 Sheridan Street, Hollywood, FL 33021. *See* **Composite Exhibit A**.

9.      Defendant Pagano is a corporate officer of all Corporate Defendants. *See* **Composite Exhibit A**.

10.     Ralph Pagano uses the Boca Address as his address in the Corporate Defendants' state filings. *See* **Composite Exhibit A**.

11.     Defendant Shirodkar is involved in the day-to-day operations of the Corporate Defendants.

12.     Defendant Shirodkar and Defendant Pagano are corporate officers of YES NAKED TACO FALLS, LLC—an entity with the same Boca Address and the same Registered Agent (Kasbar & Delucia). *See* **Composite Exhibit A**.

13.     The Corporate Defendants share employees amongst the Naked Taco locations. *See* Declarations attached as **Composite Exhibit B**.

14.     Alvarado, for example, rendered services for Defendants at all three locations. *See* **Composite Exhibit B**, Alvarado Decl. ¶ 9.

15.     Defendants would even use managers at multiple occasions. For example, Manager Brian Copoch worked at both the Coconut Creek and Miami locations.

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

16.    Employees of all three Naked Taco locations were subject to supervision by Pagano.

17.    Defendants market Naked Taco through a single website. *See* **Composite Exhibit C**.

18.    The Corporate Defendants share the same menu. *See* **Composite Exhibit C**.

19.    The Corporate Defendants share the same social media accounts. *See* **Composite Exhibit D**.

20.    While the Corporate Defendants are clearly joint employers, the question of joint employment is not to be decided at the class certification stage. *See, e.g., Nadreau v. Lush Cosmetics, LLC*, No. 2:10-CV-298-FtM-36SPC, 2011 U.S. Dist. LEXIS 160487, 2011 WL 13143146, at *3 (M.D. Fla. Jan. 28, 2011); *Harp v. Bran Hosp'y, Inc.,* No. 5:17-cv-00285-TES, 2018 U.S. Dist. LEXIS 107376 (M.D. Ga. June 27, 2018).

**B.  Plaintiffs' Employment With Defendants**.

21.    Alvarado became employed by Defendants approximately five years ago. *See* Alvarado Decl. (attached as **Composite Exhibit B**) at ¶ 1.

22.    Alvarado continued working for Defendants until on or about June 27, 2022. *See* Alvarado Decl. ¶ 4.

23.    During part of the relevant period, Alvarado was generally paid between $10.00 and $15.00 an hour by Defendants. *See* Alvarado Decl. ¶ 14.

24.    During the relevant period, Alvarado regularly worked well over 40 hours a week. *See* Alvarado Decl. ¶ 7. While Alvarado's work hours for

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Defendants fluctuated, Alvarado averaged approximately ninety-six (96) hours per week. *See* Alvarado Decl. ¶ 8.

25.   Defendants failed to pay Alvarado time-and-a-half his regular rate of pay for all overtime hours worked. *See* Alvarado Decl. ¶ 16.

26.   Defendants reported only a portion of Alvarado's wages and work hours. A portion of Alvarado's wages were paid by Defendants in cash. *See* Alvarado Decl. ¶ 15.

27.   Zambrano became employed by Defendants in 2021. *See* Zambrano Decl. (attached as **Composite Exhibit A**) at ¶ 3.

28.   Zambrano continued working for Defendants for approximately five (5) months. *See* Zambrano Decl. ¶ 4.

29.   During the relevant time period, Zambrano was generally paid an hourly rate of $10.00 to $11.00 by Defendants. *See* Zambrano Decl. ¶ 8.

30.   During the relevant time period, Zambrano regularly worked well over 40 hours a week. *See* Zambrano Decl. ¶ 7.

31.   For approximately three (3) weeks, Zambrano's weekly hours averaged approximately ninety-six (96) hours per week. *See* Zambrano Decl. ¶ 10. For the remaining workweeks, Zambrano worked an average of approximately sixty (60) hours per week. *See* Zambrano Decl. ¶ 10.

32.   Defendants failed to compensate Zambrano at time-and-a-half his regular rate of pay for all overtime hours worked. *See* Zambrano Decl. ¶ 11. Defendants reported only a portion of Zambrano's wages and work hours. A

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

portion of Zambrano's wages were paid by Defendants in cash. *See* Zambrano Decl. ¶ 9.

33.     Ramirez became employed by Defendants during 2020. *See* Ramirez Decl. (attached as **Composite Exhibit A**) at ¶ 3.

34.     Ramirez continued working for Defendants until approximately November of 2021. *See* Ramirez Decl. ¶ 4.

35.     During the relevant time period, Ramirez was generally paid an hourly rate of $12.00 as set by Defendants. *See* Ramirez Decl. ¶ 7.

36.     During the relevant period, Ramirez regularly worked well over 40 hours a week. *See* Ramirez Decl. ¶ 8.

37.     Ramirez's weekly hours averaged approximately ninety (90) hours per week. *See* Ramirez Decl. ¶ 9.

38.     Defendants failed to compensate Ramirez at time-and-a-half his regular rate of pay for all overtime hours worked. *See* Ramirez Decl. ¶ 8. Defendants reported only a portion of Ramirez's wages and work hours. A portion of Ramirez's wages were paid by Defendants in cash.

**C. <u>The Similarly Situated Employees.</u>**

39.     Each of Defendants' three locations had an average of approximately thirty (30) employees at any given time during the relevant period. *See* **Composite Exhibit B**, Alvarado Decl. ¶ 10.

40.     There was significant employee turnover at the three locations—particularly because of employees being overworked, underpaid, and

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

mistreated. One employee from Guatemala fainted on the job due to exhaustion. *See* **Composite Exhibit B**, Alvarado Decl. ¶ 11.

41.     The Plaintiffs worked as Hourly Laborers for Defendants during the relevant period. As Hourly Laborers, Plaintiffs performed duties such as cooking, food preparation, maintenance, cleaning, dishwashing services, etc. (the "Hourly Duties"). *See* **Composite Exhibit B**.

42.     Other Hourly Laborers performing Hourly Duties were not paid an overtime premium for overtime hours worked during the relevant period. *See* **Composite Exhibit B**.

43.     Plaintiffs estimate that there are approximately (seventy) 70 Putative Class Members. *See* **Composite Exhibit B**. Conditional certification is necessary to make the Hourly Laborers whole in a global and efficient manner.

44.     Hourly Laborer Antonio Gomez has opted into this lawsuit. His opt-in form is attached as **Exhibit E.**

**D. Defendants' Distraction.**

45.     Defendants have argued in this matter that the Plaintiffs worked for a third-party company during the relevant period and were not employed by Defendants. The argument is a sham.

46.     Plaintiffs performed some post-closing cleaning services for Defendants **after** performing an inordinate amount of pre-closing work.

47.     While Plaintiffs maintain that Defendants owe Plaintiffs unpaid overtime wages for the post-closing work, that issue is not one to be decided at the preliminary certification stage. In fact, Plaintiffs' Statement of Claim in this

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

matter is comprised of only the pre-closing work Plaintiffs regularly performed for Defendants. [DE 9].

48.     Pre-closing, Plaintiffs worked shoulder to shoulder with the other Hourly Laborers. Pre-closing, Plaintiffs performed the same work as the other Hourly Laborers. Pre-closing, Plaintiffs performed the work at the same time as the other Hourly Laborers.

**E. The Prior Cases.**

49.     Other lawsuits have exposed Defendants' rampant FLSA violations.

50.     In 2017, Defendants were sued for overtime violations in the matter of *Schrank v. Yes Hospitality*, LLC et al., Case No. 17-21941 (S.D. Fla.). *See* **Composite Exhibit F.** The *Shrank* matter was pled as a collective action. Defendants filed their Answer and Affirmative defenses on June 21, 2018. A settlement was reached on October 16, 2017.

51.     In 2018, Defendants were sued for overtime violations in the matter of *Schillinger v. Yes Hospitality*, LLC et al., Case No. 18-21827 (S.D. Fla.). *See* **Composite Exhibit F.** Defendants filed their Answer and Affirmative defenses on May 15, 2018. A Notice of Settlement was filed on August 6, 2018.

52.     Defendants were subject to another lawsuit in 2018 for unpaid overtime. *See* **Composite Exhibit F.** That lawsuit, styled *Palacios v. Yes Hospitality, LLC, et. al.*, Case No. 2018-013896-CA-01, was filed in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida. Defendants filed their Answer and Affirmative Defenses on July 11, 2018. A Notice of Settlement was filed on November 30, 2018.

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

53.    Plaintiffs have not conducted any discovery to identify all other FLSA-related claims that have been asserted or claimed against Defendants.

## IV. MEMORANDUM OF LAW

The FLSA was enacted in 1938 to ensure that every employee receives "a fair day's pay for a fair day's work." *A.H. Phillips v. Walling*, 324 U.S. 490, 493 (1945) (quoting address to Congress by Franklyn D. Roosevelt in 1937). The FLSA requires an employer to pay all non-exempt employees overtime wages calculated at one and one-half times their regular rate of pay for all hours worked over 40 hours in a workweek. 29 U.S.C. §207(a).

Pleading an actionable claim under the FLSA is not a difficult undertaking. Indeed, "[t]he elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Sec. of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008); *accord Dagoberto Catalino Diaz Hernandez v. Laundry Zone, Inc.*, 2015 WL 7890034, at *2 (S.D. Fla. Dec. 4, 2015).

### A. **The Policy Reasons Supporting Preliminary Certification.**

The FLSA provides that an action for unpaid wages "may be maintained...by any ***one or more employees*** for and on behalf of himself and themselves and other employees similarly situated." 29 U.S.C. §216(b) (emphasis added); *see also Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1566 (11th Cir. 1991). Collective actions provide workers an opportunity to, "lower individual costs to vindicate rights by pooling resources," and enable the

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

"efficient resolution in one proceeding of common issues of law and fact…" *Hoffmann-La Roche v. Sperling*, 493 U.S. 169, 170 (1989).

The collective action mechanism enables courts to avoid the burden of facing a multitude of virtually identical individual suits and the risk of inconsistent judgments on claims arising from the same events and brought under the same laws. Collective actions also serve to prevent against the dissemination of misleading communications to the putative class by defendants/employers, assure that the joinder of additional parties is accomplished properly and efficiently, promote efficiency in the discovery process, and expedite resolution. *See e.g.*, *Id.* at 170-72; *see also Garner v. G.D. Searle Pharm. & Co.*, 802 F. Supp. 418, 427 (M.D. Ala. 1991).

In furtherance of the FLSA's "broad remedial purpose," courts have the authority to notify potential opt-in Plaintiffs of their right to join an existing action early in the proceeding. *Hoffmann-La Roche*, 493 U.S. at 169. The Court's prompt issuance of notice after a case is filed is necessary because ***the statute of limitations under the FLSA continues to run and is not tolled for any individual class member until that individual files a written consent to join form with the Court***. 29 C.F.R. § 790.21(b)(2); *Grayson*, 79 F.3d at 1105-06. This means that the damages and liquidated damages available to the Putative Class in this matter decrease with each passing day. Thus, Putative Class members must be notified of their rights as soon as possible.

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**B.** __The Material Differences Between FLSA Collective Actions And
Traditional Rule 23 Class Actions__.

FLSA class actions operate much differently than the typical class action
suits under Rule 23 of the Federal Rules of Civil Procedure. Under 29 U.S.C.
§216(b) of the FLSA, a worker falling within the certified class must affirmatively
"opt-in" to be bound by the outcome of the case. *See* 29 U.S.C. § 216(b) (providing
that "[n]o employee shall be a party Plaintiffs to any such action unless he gives
his consent in writing to become such a party and such consent is filed in the
court in which such action is brought.").

This is the opposite of traditional Rule 23 class actions in which the
Plaintiff initiating a class action automatically represents members of the class
who have not affirmatively "opted-out." As a practical matter, this means that
courts need not fear that individuals who do not wish to participate in the
present litigation are compelled to do so.

**C.** __Whether Plaintiffs Ultimately Will Prevail Is Irrelevant.__

Liability is not relevant to a motion to conditionally certify a collective
action under the FLSA. The underlying merit of the Plaintiffs' claims are
irrelevant at this stage of the proceedings. *See Eisen v. Carlisle & Jacquelin*, 417
U.S. 156, 177-78 (1974); *Cox v. American Cast Iron Pipe Co.*, 784 F2d 1546, 1557
(11th Cir. 1986); *See also Anderson v. City of Albuquerque*, 690 F. 2d 796, 799
(10th Cir. 1982) (District court erred in denying class certification by inquiring
into merits of case). Consequently, any argument by Defendants about any
perceived weaknesses in Plaintiffs' claims are of no consequence at this stage.

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**D. <u>The Question of Joint Employment is Reserved for Stage Two.</u>**

Additionally, the factual inquiry as to whether there exists a joint employer relationship among the Corporate Defendants is a question routinely saved for the second tier/decertification stage where the Parties have possession of the relevant evidence. *See Harp v. Bran Hosp'y, Inc.*, No. 5:17-cv-00285-TES, 2018 U.S. Dist. LEXIS 107376 (M.D. Ga. June 27, 2018); *see also Nadreau v. Lush Cosmetics, LLC*, No. 2:10-CV-298-FtM-36SPC, 2011 U.S. Dist. LEXIS 160487, 2011 WL 13143146, at *3 (M.D. Fla. Jan. 28, 2011) ("[C]ourts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination."); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010)("In instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination.")

**E. <u>The Burden for Conditional Certification and Notice Is Minimal.</u>**

Courts within the Eleventh Circuit use a two-tiered approach to certification of an opt-in class pursuant to 29 U.S.C. §216(b). *See Hipp,* 252 F. 3d at 1219; *Peña v. Handy Wash, Inc.*, 28 F.Supp.3d 1289, 1294 (S.D. Fla. 2014) ("To evaluate whether a Plaintiffs has demonstrated the existence of a similarly-situated class, courts in the Eleventh Circuit utilize a two-tiered procedure that recognizes distinct burdens at different stages of the litigation process.").

At the first stage, the Court's determination of whether certification is appropriate is "usually based only on the pleadings and any affidavits which

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

have been submitted." *Hipp*, 252 F.3d at 1218.  Because of the minimal evidence adduced at this stage, "***this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class***." *Id.* (emphasis added); *also see Hernandez v. Two Bros. Farm, LLC*, 2008 WL 4613069 (S.D. Fla. 2008).

The second stage of the two-tiered procedure generally occurs at the end of discovery or upon the defendant's motion for decertification, when the Court has ample information and makes a factual determination on the "similarly situated" question. *Id.; see Gutescu v. Carey Intl., Inc.*, 2003 WL 25586749 at *4 (S.D. Fla. July 21, 2003) ("At the second stage, the court will have much more information on which to base a determination of whether the claimants are similarly situated, and Plaintiffs will be required to submit 'detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary'").

**F. <u>Plaintiffs And All Putative Class Members Are Similarly Situated.</u>**

In the FLSA collective action context, the relevant inquiry is whether Plaintiffs and the Putative Class Members are similarly situated, <u>not identical</u>. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 551 F.3d 1233, 1260 (11th Cir. 2008). As the Eleventh Circuit has explained, the "similarly situated" requirement "is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance)." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996); *see also Gutescu*, 2003 WL 25586749 at *4.

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

There is no requirement of "strict symmetry" or "absolute identity" between the representative Plaintiffs and the Putative Class members; rather, potential class members must meet only a "sufficiently similar" standard. *See Villarino v. Pacesetter Pers. Serv.,* No. 20-60192-CIV-SINGHAL/VALLE, 2021 U.S. Dist. LEXIS 259382 (S.D. Fla. Mar. 19, 2021)(granting, in part, conditional certification where "the evidence needed [on similarly situated] is minimal and the existence of some variations between potential claimants is *not* determinative of lack of similarity."); *Glass v. IDS Financial Services, Inc.,* 778 F. Supp. 1029, 1081 (D. Minn. 1991) (an allegation that a single decision, policy or plan precipitated the challenged action was sufficient to define the class); *see also Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (noting that Plaintiffs need only provide some factual basis that potentially similarly situated employees exist for the court to authorize notice).

Employees who are victims of a common decision, policy, plan, or practice are similarly situated for purposes of the FLSA. *Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290512 *3 (S.D. Fla. May 17, 2006) (proposed notice allowed to class based on allegation of company-wide policy); *Compere v. Nusret Miami, LLC*, 391 F.Supp.3d 1197, 1202 (S.D. Fla. 2019); *Flete v. All Am. Facility Maint.*, No. 19-61536-CIV-WPD, 2020 U.S. Dist. LEXIS 172128 (S.D. Fla. July 13, 2020) (granting certification on common policy); *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 799 (E.D. La. 2007) (conditional certification granted based on allegations of company-wide policy); *Gonzalez v. Select Onion Co., LLC*, 2007 WL 1989698, *2 (D. Or. July 6, 2007) (similarly

PERERA ALEMÁN, P.A.
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

situated found at conditional stage based on allegation of all employees subjected to general policy of failure to pay overtime); *Hernandez v. Starbuck Coffee Co.*, Case No. 0:09-cv-60073-WPD (S.D. Fla. Apr. 24, 2009) (general policy of failure to pay overtime).

As noted above, the Plaintiffs and all Putative Class Members are all hourly employees who were either: 1) not paid the correct overtime premium for their overtime hours (Underpaid Overtime); and/or 2) were not paid all wages, regardless of the hourly rate, for all hours worked (Underpaid Hours). There are no differing overtime exemptions to consider. While not necessary, the Plaintiffs and Putative Class Members all performed substantially the same work— the Hourly Duties.

Even if some differences had existed, such differences would not serve as a bar to conditional certification. *See Riddle v. Suntrust Bank*, 2009 WL 3148768, at *2 (N.D. Ga. Sep. 29, 2009) (Noting that "variations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at this stage"); *Scott v. Heartland Home Fin., Inc.*, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006) (citing *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 84500, at *3 (S.D. Fla. Jan. 3, 2005) (factual matters regarding the applicability of exemptions to employees not appropriate at notice stage); *Moss v. Crawford Co.,* 201 F.R.D. 398, 410 (W.D. Pa. 2000) ("[V]ariations in the Plaintiffs' duties, job locations and hourly billing rates do not differentiate the collective basis of the class to the extent that it defeats the primary objectives of a § 216(b) action").

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**G. Traditional Numerosity Is Not Required For Conditional Certification Under The FLSA.**

"Numerosity," as is commonly thought of in typical Rule 23 class actions, is not required in an FLSA collective action. Indeed, the plain language of the FLSA provides that an action for unpaid wages "may be maintained…by any ***one*** or more employees for and on behalf of himself and themselves and other employees similarly situated." 29 U.S.C. §216(b) (Emphasis added).

On its very face, the FLSA paves an avenue for certification that can be travelled with just "one" Plaintiff. This is precisely why this Court has certified FLSA collective actions where <u>only the original Plaintiffs</u> were part of the proposed class. *See Santiago v. Mid-South Painting, Inc.*, 2011 U.S. Dist. LEXIS 85252 (S.D. Fla. Aug. 3, 2011) (certifying FLSA collective action with only ***one*** Plaintiff); *Rivera v. Gennaro's Produce, Inc.*, Case No.: 07-cv-61134-WPD, at DE 23 (S.D. Fla. 2007) (certifying FLSA collective action with only ***one*** Plaintiff); *Gutescu*, 2003 WL 25586749 (certifying FLSA collective action with only ***one*** Plaintiff).

In the case *sub judice*, **there are already *three*** Plaintiffs who have joined this action and **another Hourly Laborer has opted into this matter**. *See* **Exhibit E.** This is *before* any notification to any Putative Class Members. While Plaintiffs' affidavits show that there are other individuals who were subject to the same practice and would join this lawsuit if the notice indicates that retaliation is prohibited, such facts are superfluous in this matter. The three Plaintiffs, an opt-in member, and a history of prior FLSA litigation are already more than

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

sufficient for an FLSA collective action. *See Rojas v. Garda CL Se., Inc.*, 2013 WL 6834657 (S.D. Fla. 2013) (noting that "Plaintiffs' burden to show the existence of other potential opt-ins is not onerous. "***[T]he existence of just one other co-worker who desires to join in is sufficient to 'rais[e] the Plaintiffs' contention beyond one of pure speculation"***); *see also Wydner v. Applied Card Sys., Inc.*, 2009 WL 3255585, at *3 (S.D. Fla. Oct. 7, 2009) (as few as ***two affidavits*** sufficient to warrant conditional certification); *Smith v. Cable Wiring Specialist, Inc.*, 2014 U.S. Dist. LEXIS 135446 (M.D. Fla. Sept. 25, 2014) (***one opt-in Plaintiffs*** **and prior litigation** sufficient to warrant conditional certification); *See Santiago v. Mid-S. Painting, Inc.*, 2011 WL 3418252 (S.D. Fla. 2011); *accord Brown v. Refuse Materials, Inc.,* 2013 WL 2387750 (M.D. Ga. 2013)(***one opt-in***); and *Dieujuste v. R.J. Elec., Inc.*, 2007 WL 2409831 (S.D. Fla. 2007)(***one opt-in***).

### F. Notice Should Be Sent To Members of the Putative Class.

Because conditional certification is appropriate, Plaintiffs respectfully request that this Court allow all potential class members to be notified of this action. *See Dybach v. State of Fla., Dept. of Corrections,* 942 F.2d 1562 (11th Cir. 1991); *Pares v. Kendall Lakes Auto., LLC*, 2013 WL 3279803 (S.D. Fla. 2013).

### G. Notice and Discovery Should Be Expedited.

The statute of limitations period applicable to other Putative Class Members continues to run until they opt-in to this action or file their own. Accordingly, Plaintiffs request that the Court enter an Order expediting the notice and discovery processes relating to their notification.

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Plaintiffs request that Defendants identify all Putative Class Members by providing his/her name and the last known addresses, telephone number(s), and email address(es) within ten (10) days from any Order entered by the Court. *Collado v. J. & G. Transp., Inc.*, CASE NO. 14-80467-CIV-GOODMAN (S.D. Fla. Oct. 23, 2014) ("Plaintiffs' request that the Court order Defendants to provide a list of each putative class member's name, address, telephone number, fax number, e-mail address, and date of birth, in the form of a Microsoft Excel spreadsheet, in order to effectuate the notice process. [ECF No. 46, p. 12.] This request is granted for the following reasons: First, the request is reasonable because: (1) this information would be available through a formal request for production or interrogatory, (2) the statute of limitations continues to run for potential opt-in Plaintiffs, and (3) because without this information Plaintiffs will be unable to effectuate any order granting conditional certification. In addition, this request is consistent with how other courts have treated similar circumstances"); *see also Pares v. Kendall Lakes Auto., LLC,* 2013 WL 3279803 (S.D. Fla. 2013); *Disimone v. Atlantic Services, Inc.*, 09-CV-804602 (S.D. Fla. Dec. 29, 2009 at DE 7); and *Donahay v. Palm Beach Tours & Transp., Inc.*, 2007 WL 1119206, *1 (S.D. Fla. Apr. 16, 2007).

### 1.   *Emailing of Notice Is Proper.*

In the event this Court grants the requested certification, Plaintiffs seek permission to notify Putative Class Members of this action and provide a consent to join form via e-mail. Email is an efficient, effective, and non-intrusive means

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

of providing legal notice of one's rights. Courts within this District routinely find that notice of a pending FLSA collective action is properly sent by email:

> Plaintiffs are correct in noting that courts in this Circuit commonly approve email notice to potential opt-in class members in FLSA cases. *See Cooper v. E. Coast Assemblers, Inc.*, 2013 WL 308880, at *4 (S.D. Fla. Jan.25, 2013); *Stuven v. Texas deBrazil (Tampa) Corp.*, 20 Wage & Hour Cas.2d (BNA) 1110, at *6 (M.D. Fla. 2013) (declining to impose a presumption that regular mail is the preferred method of notice, and finding that email is not too intrusive); *Pittman v. Comfort Sys. USA (Se.), Inc.*, 2013 WL 525006, at *2 (M.D. Fla. Feb.13, 2013) ("conclud[ing] that communication through email, in addition to regular mail, is fair and proper notice"). The Court agrees that email is an efficient and nonintrusive method of communication.

*Alequin v. Darden Restaurants, Inc.*, 2013 WL 3945919 (S.D. Fla. July 31, 2013); *see also Cooper v. E. Coast Assemblers, Inc.*, 2013 WL 308880 (S.D. Fla. 2013) (the Court concludes that Plaintiffs' counsel may email the Notice in addition to its mailing). Other courts also determined email to be an effective and efficient means of providing notice of an FLSA action. *See Palma v. Metropcs Wireless, Inc.*, 2014 WL 235478 (M.D. Fla. 2014) ("A number of courts have determined that email is an inexpensive and appropriate means of delivering notice of an action to a class.") (citations omitted); and *Benedict v. Hewlett-Packard Co.,* 2014 WL 587135 (N.D. Cal. 2014) ("Courts routinely approve the production of email addresses and telephone numbers with other contact information to ensure that notice is effectuated, and the Court finds that warranted here as well") (*citing Lewis v. Wells Fargo & Co.*, 669 F.Supp.2d 1124, 1127 (N.D. Cal. 2009)).

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

### 2.    *Mailing of Notice Is Proper.*

Courts have also routinely determined that mailing is an effective and efficient means of providing notice of a pending FLSA collective action, even when other means of notice are being provided. *See e.g.*, *Alequin*, 2013 WL 3945919 at *2; and *Cooper*, 2013 WL 308880 ("Plaintiffs' counsel may email the Notice in addition to its mailing"). Consequently, Plaintiffs requests that this Court also permit Plaintiffs to provide notice of this action and a consent to joint form by U.S. Mail to all Putative Class Members.

### 3.    *Distribution of Spanish and English Versions Of The Notice.*

Plaintiffs request that copies of the Proposed Notices be provided in both English and Spanish. *See Garcia, et. al v. J & J, Inc. et. al., Case No. 19-cv-60728-BLOOM, Docket Entry 44 (August 27, 2019)* attached as **Exhibit G;** *see also Rodriguez v. Almighty Cleaning, Inc.*, 784 F.Supp.2d 114 (E.D.N.Y. Mar. 28, 2011)(granting FLSA Plaintiffs' request that initial notice be posted and mailed in both English and Spanish); *McLaurin v. Prestage Foods, Inc.,* 271 F.R.D. 465 (E.D.N.C. Nov. 10, 2010)(permitting notice to putative FLSA class in both English and Spanish); *Ford v. Townsends of Ark., Inc.*, 2010 WL 1433455 (E.D. Ark. Apr. 9, 2010)(same); *Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842 at *5 (N.D. Tex. Oct. 7, 2004)("To ensure that the notice is adequate, the court directs that, once the court approves the notice and consent forms, Plaintiffs' counsel arrange for preparation of Spanish language versions, obtain [Defendants'] approval of those versions, and mail the English and Spanish versions

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

simultaneously to potential class members, giving them the option to execute the Spanish version of the consent form.")

Many of the Putative Class Members primarily speak Spanish and understand very little English. *See* **Composite Exhibit B**. An exclusively English notice of this case and their rights would be futile with respect to these individuals.

### 4. *Posting of Notice*

Lastly, Plaintiffs request that this Court require Defendants to post notice of this lawsuit at their individual headquarters. This method would provide those staff who have not updated their addresses with Defendants with notice of their rights. *See Garcia, et. al v. J & J, Inc. et. al., Case No. 19-cv-60728-BLOOM, Docket Entry 44 (August 27, 2019)* attached as **Exhibit G;** *see also Castillo v. P & R Enterprises, Inc.*, 517 F. Supp. 2d 440, 450 (D.D.C. 2007) (requiring that notice be posted by Defendants at their offices).

### <u>CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(3)</u>

Plaintiffs' counsel has conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion. Defendants oppose the relief sought herein.

### VI. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant conditional certification of this action and to award the following:

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

a.      Require Defendants to identify all individuals falling within the Proposed Class by providing their last known address, telephone number, and e-mail within ten (10) days of an Order granting certification;

b.      To approve the sending of notice of the collective action and a consent to join form (in English and Spanish) by e-mail and U.S. Mail to each Putative Class Member;

c.      To require Defendants to post notice of the collective action and a consent to join form (in English and Spanish) in a conspicuous place at its headquarters;

d.      To appoint Perera Aleman, P.A. as counsel for the Putative Class; and

e.      To award such other and further relief as the Court deems just and proper.

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Date: October 17, 2022

Respectfully submitted,

**_/s/ J. Freddy Perera_**
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com

**PERERA ALEMÁN, P.A.**
12505 Orange Drive
Suite 908
Davie, Florida 33330
Phone: 786.485.5232
*Attorneys for Plaintiffs*

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

By: _/ s/ J. Freddy Perera_
J. Freddy Perera, Esq.

## SERVICE LIST

Adam S. Chotiner, Esq.
**SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.**
7777 Glades Road, Suite 400
Boca Raton, FL 33434
Tel.: (561) 477-7800
Fax: (561) 477-7722
E-mail: achotiner@sbwh.law
_Counsel for Defendants_

**Via CM/ECF**

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO**.: 1:22-cv-61463-JEM

**APOLONIO ALVARADO,**
**EDWIN ZAMBRANO,**
**JESUS RAMIREZ**,
and all others similarly situated under
29 U.S.C. §216(b),

      Plaintiffs,

vs.

**YES NAKED TACO PROM, LLC**,
*d/b/a Naked Taco*,
**YES HOSPITALITY, LLC,**
**YES DREAM, LLC**,
**RALPH PAGANO**, individually, and
**JAY N. SHIRODKAR**, individually,

      Defendants.

_____/

**NOTICE OF PENDENCY OF OVERTIME LAWSUIT UNDER THE FAIR LABOR STANDARDS ACT ("FLSA")**

**TO:** ALL FORMER OR CURRENT HOURLY WORKERS OF YES NAKED TACO PROM, LLC D/B/A NAKED TACO, YES HOSPITALITY, LLC, AND YES DREAM, LLC WHO DID NOT RECEIVE OVERTIME COMPENSATION (TIME AND ONE-HALF REGULAR RATE OF PAY) FOR HOURS WORKED OVER FORTY (40) HOURS DURING ANY WEEK WITHIN THE FOLLOWING DATES: **August 8, 2019 THROUGH PRESENT**.

**DESCRIPTION OF LAWSUIT**

      Former hourly workers (the "Plaintiffs") employed or engaged by Yes Naked Taco Prom, LLC d/b/a Naked Taco, Yes Hospitality, LLC, and Yes Dream, LLC (collectively "Naked Taco") have filed a lawsuit alleging that they were unlawfully deprived of overtime wages (wages for hours worked in excess of a forty-hour workweek). The Plaintiffs claim they were unlawfully denied overtime wages. The Plaintiffs allege that Naked Taco did not pay the proper overtime rate after working over forty hours per week and were not paid proper overtime wages for all overtime hours actually worked. This lawsuit was brought to recover the

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

compensation Plaintiffs believe they are owed in overtime compensation as well as double that amount as liquidated damages.

The Court has permitted Plaintiffs to send notice of the lawsuit to current and former hourly workers of Naked Taco so they may be permitted to "opt-in" to/join this lawsuit. You are being provided an opportunity to join this lawsuit should you believe that you have also been deprived of overtime wages. The case name is *Apolonio Alvarado, et. al. v. Yes Naked Taco Prom, LLC, et. al.,* case no.: 1:22-cv-61463-JEM (United States District Court, Southern District of Florida).

**This notice is for the sole purpose of providing information concerning your right to join this lawsuit. Although this notice and its contents have been authorized by the Court, the Court takes no position regarding the merits of Plaintiffs' claims or Defendants' defenses. You should not attempt to contact the Court to ask any questions you may have.**

## <u>YOUR LEGAL RIGHTS & OPTIONS IN THIS CASE</u>

The Plaintiffs in this case request to bring this lawsuit on behalf of all other similarly situated hourly workers owed overtime compensation. If you are or were an hourly worker for Naked Taco and believe Defendants owe you overtime compensation for hours you worked from August 8, 2019 through the present, you may make a claim to recover those wages, and may be entitled to liquidated (double) damages.

You are not required to join in the prosecution of this case. If you choose not to be involved in this matter, you can simply disregard this notice. You also have the option to retain your own counsel and file your own lawsuit separate and apart from this case. <u>In any event, the decision to join or not join the current case is time-sensitive</u>. You may contact J. Freddy Perera, Esq. and/or Brody M. Shulman, Esq., ***counsel for the Plaintiffs*** in this lawsuit, for more information or assistance.  Mr. Perera and Mr. Shulman's contact information is as follows: Phone: (786) 485-5232, E-Mail: <u>freddy@pba-law.com</u> E-mail: <u>brody@pba-law.com</u>, Address: 12505 Orange Drive, Suite 908, Davie, FL 33330.

The law firm representing the Defendants in this action, including Naked Taco, is Shapiro, Blasi, Wasserman & Herman, P.A.  Lead ***counsel for the Defendants*** is Adam S. Chotiner, Esq. Mr. Chotiner's contact information is as follows:  Phone: (561) 477-7800, E-mail: <u>achotiner@sbwh.law</u>, Address: 7777 Glades Road, Suite 400 Boca Raton, FL 33434.

Individuals that elect to join this collective action may be required to participate in discovery or trial and to appear in court.  In the event you join this action and your claim is not successful, you may be required to pay certain costs

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

on behalf of the Defendants, such as copy charges and court reporter charges. In "exceptional circumstances a defendant can recovery attorney's fees [in FLSA cases] when the Plaintiffs brings a suit in bad faith." *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 932 (11th Cir. 2013). As a result, you may be responsible for fees and costs if Defendants prevail in this case.

## <u>PROTECTION AGAINST RETALIATION</u>

The law prohibits anyone from discriminating or retaliating against you for taking part in this case. If you believe that you have been penalized, discriminated against, disciplined, punished, threatened, or intimidated in any way as a result of your receipt of this notification, your consideration of whether to complete and submit the Notice of Consent or your submission of the Notice of Consent, you may contact Mr. J. Freddy Perera, Esq., Mrs. Brody M. Shulman, esq., or other counsel of your choice, or, if you are proceeding in this matter without counsel, notify the Clerk of the Court.

**IF YOU ARE INTERESTED IN OPTING-IN AND JOINING THIS LAWSUIT**
You must fill out the "OPT-IN CONSENT FORM" which is attached to this notice, and forward it to: PERERA ALEMAN, P.A., J. Freddy Perera, Esq.12505 Orange Drive, Suite 908, Davie, Florida 33330.

J. Freddy Perera, Esq.
freddy@pba-law.com
PERERA ALEMAN, P.A.
12505 Orange Drive, Suite 908
Davie, Florida 33330
(786) 485–5232
*COUNSEL FOR PLAINTIFFS*

## <u>DEADLINE TO JOIN THE LAWSUIT</u>
If you decide to join the lawsuit, counsel must receive your completed and signed opt-in consent form by no later than [TO BE DETERMINED].

Please note, however, that you are not entitled to recover any unpaid overtime for any workweek that is more than three (3) years from the date you join this lawsuit.  If you elect to join this lawsuit, the date you join the lawsuit will determine how far back you can seek alleged unpaid overtime.

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**\*\*THIS PAGE WILL NOT BE FILED WITH THE COURT\*\***
**OPT-IN CONSENT FORM**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO**.: 1:22-cv-61463-JEM

**APOLONIO ALVARADO,**
**EDWIN ZAMBRANO,**
**JESUS RAMIREZ**,
and all others similarly situated under
29 U.S.C. §216(b),

      Plaintiffs,

vs.

**YES NAKED TACO PROM, LLC**,
*d/b/a Naked Taco,*
**YES HOSPITALITY, LLC,**
**YES DREAM, LLC**,
**RALPH PAGANO**, individually, and
**JAY N. SHIRODKAR**, individually,

      Defendants.

_____/

**Complete and Mail to:**
**J. Freddy Perera, Esq.**
**PERERA ALEMAN, P.A.**
**12505 Orange Drive, Suite 908**
**Davie, Florida 33330**

Name: _____

S.S.# (optional): _____

Address: _____

Work Phone: _____

Home Phone: _____

Cell Phone: _____

E-mail: _____

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## <u>CONSENT TO JOIN COLLECTIVE ACTION</u>

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of services I rendered as an hourly worker for Naked Taco in connection with the case: *Apolonio Alvarado, et. al. v. Yes Naked Taco Prom, LLC, et. al.,* case no.: 1:22-cv-61463-JEM (United States District Court, Southern District of Florida).

2. I work/worked as an hourly worker for Naked Taco from on or about _____ (month, year) to on or about _____ (month, year).

3. During the above time period, I worked in excess of forty (40) hours a week during at least one week that I was not properly compensated (paid time-and-a-half my regular rate of pay) for all overtime hours I worked.

4. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. I wish to assert a claim against one or more of the Defendants and hereby consent and opt-in to this lawsuit. I agree to be bound to any judgment by the Court or any settlement of this action.

5. I hereby designate the firm of _____ [Perera Aleman, P.A. will be designated firm if this section is left blank] to represent me for all purposes in this action.

6. I also designate the collective action Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with The Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_____          _____
**Signature**                                          **Print Name**


_____
**Date**

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232